HANNAH FRITH, Plaintiff in error, *vs.* JOHN ROE, defendant in error.

*If a party has the right to go into a Court of Equity for partial relief, he has the right to ask the Court for full relief.]*

In Equity, in Randolph Superior Court. Decision by Judge KIDDOO, at Chambers, 11th May, 1857.

This was a bill filed by John Roe against Hannah Frith, Benjamin V. Iverson and Nathaniel Robinson.

The allegations of the bill, in substance, are that Hannah Frith has instituted her action of trespass *quare clausam fregit*, against complainant, for trespasses, alleged to have been committed by him on certain premises occupied by her, being a part of lot No. 77, situated in the town of Cuthbert, and containing ten acres; that complainant has commenced his action of ejectment against the said Hannah, for the same premises, which suits are now pending in the Superior Court of Randolph county.

That the title and claim of complainant to said premises is derived from and through one William White, as follows: In January, 1839, said lot, No. 77, was sold at Sheriff's sale, and purchased by one James Buchanan, as the agent of one —— Campbell; that Campbell being in embarrassed circumstances, and indebted to Benjamin V. Iverson, transferred said lot of land to him, and directed Buchanan to execute to him titles, which was done. But before the transfer and execution of titles to Iverson, Campbell sold fifteen acres of said lot to William White, who resided in the State of Alabama, and made and delivered to White a bond for titles, to be executed upon the payment of the purchase money. White gave his note for said purchase money, which he afterwards paid. White sold said fifteen acres to complainant, and executed to him titles therefor. While White was the owner, he put his father in charge of the premises, who rented

them to said Hannah Frith, who went in under said lease, and has occupied the same ever since, under no other title or right than as tenant, as aforesaid. That Campbell left the State and went to California, or to parts unknown, and has since departed this life, without making titles to said White, or complainant, and that his bond for titles is lost.

The bill further charges that Iverson sold and conveyed said lot, No. 77, to Nathaniel Robinson, excepting the fifteen acres aforesaid, which Robinson sold and conveyed to complainant; that the deeds from Iverson and Robinson both admit and recognise the bond for titles from Campbell to White, of the fifteen acres part of said lot, and which covers and includes the premises in dispute.

The bill prays that both actions may be enjoined, that the action of trespass may be perpetually enjoined; that defendants be compelled to make discovery to aid the action of ejectment; and prays for such further relief as may be necessary and proper; and the bill further prays, that Iverson be compelled to make title to Robinson, and Robinson to White, or that Iverson be compelled to make titles directly to Roe.

Upon application at chambers for the injunction, upon a rule to show cause, after argument, the Chancellor made the rule absolute, and granted the injunction. Whereupon, Hannah Frith, by her counsel, excepted, and assigns error upon the grounds:

1st. Of want of equity in the bill.

2d. Want of proper parties.

3rd. Because complainant has ample remedy at law.

Hood & Robinson, for plaintiff in error.

Douglass & Douglass, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The only question is, ought the Court below to have granted the injunction?

According to the allegations in the bill, Roe has the equitable title to the land, but an equitable title depending upon a bond for titles that is lost, and upon a deed that is lost; Iverson has the legal title to the land, but he acquired that title, with notice of the equitable title now in Roe; and Hannah Frith has the possession of the land, and that possession is one which she rightfully acquired.

These things being so, it is at least doubtful, whether Roe can make his title available to him in the suits at law; but, it is certain that he has the right to go into equity, to compel conveyances, and to establish the lost papers; and that he has the right to take Hannah Frith there; she is in privity with White, having rented the land from his agent, and Roe is in privity with White—holding White's bond for titles.

And if he has the right to go into equity for one purpose, he has the right to go into it, for all purposes connected with his case.

But in order that equity may thus do full justice, in a single decree, it was necessary, that, the common law suits should be enjoined.

We think, therefore, that the Court below did not err in granting the injunction.

Judgment affirmed.