### 14582. MARTIN *v.* HIGHT.

In the petition in this case, in which it was sought to recover damages for alleged breach of a contract of the defendant, conveying to the plaintiff growing timber on land which the defendant had previously conveyed to a third person as security for a debt, it being alleged that this person and the defendant stopped him from sawing the timber and required him to remove his sawmill from the premises, a cause of action was stated; and the petition was not subject to the demurrer.

DECIDED JULY 10, 1923.

Action for breach of contract; from Hancock superior court —Judge Park. March 27, 1923.

Application for certiorari was denied by the Supreme Court.

The defendant demurred on the ground that no cause of action was stated in the petition, and demurred specially to allegations as to loss of profits and the amount of damages, as being indefinite, irrelevant, and immaterial.

*Sibley & Sibley,* for plaintiff in error, cited: Civil Code (1910), §§ 4135, 4193; 82 *Ga.* 793; 128 *Ga.* 634; 148 *Ga.* 634; 88 *Ga.* 675, 684; 131 *Ga.* 464; 55 *Ga.* 295; 2 *Ga. App.* 421, 424-6; Civil Code (1910), § 4400; 121 *Ga.* 691; 142 *Ga.* 307.

*Burwell & Fleming,* contra, cited: 2 *Ga. App.* 421 (distinguished); 121 *Ga.* 688; 139 *Ga.* 496(2); 142 *Ga.* 307(2 *a*); 114 *Ga.* 731(3); 75 *Ga.* 583(1 *a*); 23 *Ga. App.* 644.

LUKE, J. The petition of John T. Hight Jr. against Mrs. Nancy S. Martin makes substantially the following case: On October 15, 1921, the defendant entered into the following contract with plaintiff: "This contract executed in duplicate this October 15, 1921, by and between Mrs. Nancy S. Martin and Jno. T. Hight Jr., each of said State and county, witnesseth: that Mrs. Nancy S. Martin does hereby give, grant, sell, and convey to the said Jno. T. Hight Jr. all growing timber that will square

six inches or more, fit for sawing purposes, now growing on her plantation in the 108th district G. M. of Hancock county, and known as the Baxter Place and containing twelve hundred (1200) acres, more or less, bounded on the north by Belvidere and lands of Mrs. W. E. Chapple, east by the Massey Place, south by Beaverdam Creek and W. P. Beman, and west by lands formerly owned by Geo. D. Hight and Mrs. R. A. Graves, at and for the sum of one and 50/100 dollars per thousand feet, to be paid for as marketed, within eighteen months from this date. And the said Jno. T. Hight Jr. does hereby covenant and agree to cut and market said timber during the life of this contract and to promptly pay to the said Mrs. Nancy S. Martin, or her order, the consideration therefor, as hereinbefore expressed, promptly on the marketing thereof, and to promptly vacate said premises on the termination of this contract." Acting under the terms of this contract the plaintiff entered upon the said premises, erected a sawmill, and actually began sawing and manufacturing the timber into lumber, and, under the terms of the contract, manufactured 300,000 feet of lumber, for which he paid the contract price. George S. Rives, about the time of the making of this payment, came out to the premises where the plaintiff was running his sawmill and informed him that he had a deed to the premises; and that the title thereto was prior to his lease contract, and forbade the plaintiff to saw any more of the timber. Upon his insistence the plaintiff was allowed by the said Rives to manufacture 43,000 feet more of the timber into lumber, by the plaintiff paying to him 50 cents a thousand feet more for the 43,000 feet than provided for in the contract. Plaintiff went in person to see Mrs. Martin and demanded of her the right to continue sawing said timber under the terms of his contract with her, and offered to take up the Rives paper, which was a security deed, but Mrs. Martin declined to allow him to do this, and declined to allow him to saw any other timber on the premises, and required him to remove his mills from the premises; all of which, it is alleged, was in violation and in breach of her said contract. Over the protest of plaintiff he was forced by the said Mrs. Martin and the said George F. Rives to remove his sawmill from said premises, and the defendant has not since permitted him to saw said timber into lumber, and has violated the terms of the con-

tract, to his damage and injury. Under the terms of the contract, plaintiff was to pay to the defendant $1.50 per thousand feet. The sawing of said timber and delivering it to market cost $8 per thousand feet. The market value of said timber and the price actually offered to petitioner for said timber manufactured into lumber on the date of the filing of his suit and at the time of the breach of the contract was $13.50 per thousand feet, thus leaving him, at the market price of said timber, a net profit of $5 per thousand feet thereon. On the premises covered by said contract there is now standing more than one million feet of timber, which could, under the terms of said contract, be converted into lumber; and by said breach of contract the defendant has damaged plaintiff in the sum of $5 per thousand for one million feet of timber, which aggregates $5,000. Plaintiff prays for process, and for damages sustained by reason of the breach of said contract. General and special demurrers to the petition were filed. The court overruled the demurrers, and the defendant excepted.

The petition set forth a cause of action and was not subject to the demurrers urged. Damages which may reasonably be considered as in the contemplation of the parties when the contract was made are not too remote to be the subject of a legal recovery. See *McMillan* v. *Quincy,* 137 *Ga.* 63 (72 S. E. 506); *Whitlock* v. *Mozley,* 142 *Ga.* 305 (82 S. E. 886); *American Chemical Co.* v. *Rhodes,* 139 *Ga.* 496 (77 S. E. 582); *Waycross Air-Line R. Co.* v. *Offerman & Western R. Co.,* 114 *Ga.* 727 (40 S. E. 738); *Anderson* v. *Hilton & Dodge Co.,* 121 *Ga.* 688 (49 S. E. 725). It was not error, for any reason urged, to overrule the demurrers.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*