## CHAPPLE *et al. v.* HIGHT.

It was not error to grant an interlocutory injunction. The pendency of a prior suit for damages, based upon the same cause of action, did not preclude the filing of a petition for injunction as an ancillary proceeding.

No. 4697.  JANUARY 23, 1926.

Injunction. Before Judge Park. Hancock superior court. December 13, 1924.

*G. L. Dickens,* for plaintiffs in error.

*Burwell & Fleming* and *Sibley & Sibley,* contra.

RUSSELL, C. J. As appears from the record, Mrs. Nancy S. Martin entered into a written contract with John T. Hight Jr., on October 15, 1921, by which she granted him a license to cut certain growing timber on her plantation containing about 1200 acres in Hancock County, to be sawed into lumber. Mrs. Martin breached her contract by requiring him to move his sawmill and discontinue sawing any more lumber before the completion of the

---

Actions 1 C. J. p. 1048, n. 8.

Appeal and Error 4 C. J. pp. 515, n. 6; 804, n. 88.

Election of Remedies 20 C. J. pp. 5, n. 34; 6, n. 54; 19, n. 34.

Injunction 32 C. J. pp. 54, n. 6; 63, n. 75; 125, n. 91; 145, n. 66; 364, n. 84.

Judgments 34 C. J. p. 902, n. 92.

Liens 37 C. J. pp. 313, n. 38; 319, n. 4.

contract. At the September term, 1922, of the superior court of Hancock County, Hight filed a suit for damages, alleging the breach of the contract, asking judgment for the sum of $5000, and praying that the judgment be decreed to be a special lien against the timber which she had sold him. Mrs. Martin filed a demurrer to the suit. The court overruled the demurrer, and that judgment was affirmed by the Court of Appeals. *Martin* v. *Hight,* 30 *Ga. App.* 603 (118 S. E. 595). In December, 1924, Hight filed to the March term, 1925, of Hancock superior court the petition which is involved in the case at bar, naming not only Mrs. Martin but also W. E. Chapple as defendants. In the present case, in addition to the prayers contained in the previous suit against Mrs. Martin, there is a prayer that the defendants be enjoined from cutting standing timber on the land described in the contract, and that they be restrained and enjoined from selling any of the timber manufactured, and from removing the lumber already manufactured from the premises. After hearing evidence the judge of the superior court granted an order continuing in force a previous restraining order until the further order of the court, with permission to the defendants to give a bond as provided by law, conditioned to pay the plaintiff, Hight, the amount he may recover for the alleged breach of the contract of October 15, 1921. The case comes to this court on exception to this interlocutory ruling or judgment. The ruling of the court is assigned as error: (1) upon the ground that as the suit for damages brought by Hight against Mrs. Martin alone is still pending, the petitioner in the present action has no right to maintain it, especially in view of the fact that it relates to the same subject-matter, the same contract is involved, and Mrs. Martin is a defendant in the second suit as well as in the first; (2) because the plaintiff, having heretofore elected to sue upon a breach of the contract—an action at law,— should not be permitted to go into equity, ask for an injunction, and also predicate damages sounding in tort and based upon an alleged trespass; (3) that the contract involved in this case is merely a license to cut and remove timber during the time fixed in the contract, and that as the 18 months had expired before the defendant W. E. Chapple entered the premises, the grant of the restraining order was error, because Hight has shown no title to the timber or any clear right of action. It is argued that "the

lease contract covering the timber executed by Mrs. N. S. Martin to John T. Hight Jr., dated October 15, 1921, does not convey an absolute title to the timber on the land, but only grants to the said Hight a license to remove the timber, provided it is done within eighteen months from the date of the contract. It will be readily seen that this license became revoked after the 15th day of April, 1923. See *Johnson* v. *Truitt,* 122 *Ga.* 327, 329 [50 S. E. 135]." (4) It is further insisted that the evidence adduced upon the hearing did not authorize the grant of the interlocutory restraining order.

1. We find no error in the judgment of the trial judge. The pendency of the prior suit against Mrs. Martin is no bar to the present proceeding against Mrs. Martin and W. E. Chapple. Section 5522 of the Civil Code (1910) declares that "A plaintiff may pursue any number of consistent concurrent remedies against different persons until he obtains a satisfaction from some of them." We adjudge the suit against Mrs. Martin alone and 'the suit against Mrs. Martin and Chapple not to be inconsistent, for in both instances the plaintiff is attempting to collect $5000 damages, and to have a special lien decreed in his favor upon the timber. The law compels an election between inconsistent remedies. *Kennedy* v. *Manry,* 6 *Ga. App.* 816 (66 S. E. 29) ; *Equitable Life Assurance Society* v. *May,* 82 *Ga.* 646 (9 S. E. 597) ; *Board of Education* v. *Day,* 128 *Ga.* 156 (57 S. E. 359). Waiver by election results where a choice is exercised between inconsistent remedies; and in such a case any decisive act of affirmance or disaffirmance, done with knowledge of the facts, determines the rights of the parties once and for all. The only respect in which the petition now before us differs from the first petition to which we have referred is in the prayer for injunction. The petition against Mrs. Martin and Chapple alleges the pendency of the prior suit against Mrs. Martin, and in several paragraphs practically repeats the allegation in that case. It alleges, however, that the plaintiff has been unable to obtain a trial in the proceeding against Mrs. Martin, who is alleged to have continued the case at every term of the court. It alleges that since the filing of the previous suit Mrs. Martin has sold the land upon which the timber was situated to one J. C. Rives, and that she is now insolvent. It is alleged that the deed to Rives was delivered and accepted with full knowledge

of plaintiff's rights under his contract as recorded. It is alleged that Chapple, who claims his right to cut timber under J. C. Rives, is also insolvent, and that if the cutting of the timber is continued the petitioner will suffer irreparable damage. These allegations were all supported in the evidence which was before the court. It is true that there were conflicts in the evidence; but nothing is better settled than that it is the prerogative of the judge, upon interlocutory hearings, to determine which witnesses he will credit and which he will disbelieve, and the exercise of this discretion is never interfered with unless there is a manifest abuse of discretion. The chancellor was authorized to find that, unless an interlocutory injunction was granted until the issues of fact could be determined by a jury, even if the plaintiff obtained a judgment and a special lien, the judgment would be worthless because its enforcement would be impossible. We agree with the learned counsel for the plaintiff in error that as a general rule courts can not create liens; and yet a special lien on specific property may be decreed whenever under the rules of equity the circumstances require this remedy. Since the passage of the uniform procedure act a complainant may invoke either legal or equitable remedies. The remedy prayed in the petition in this case is not inconsistent with but merely ancillary to the judgment sought in the first case, and, to use the verbiage of section 5522, supra, is consistent and concurrent therewith.

While we concede that there are numerous instances in which it is essential that the petitioner prove title, and while under the authorities cited by plaintiff in error the contract in this case may properly be treated as a mere license to cut timber, we are of the opinion that these facts are pertinent to the present case: As already stated, the petition, as did the proceeding against Mrs. Martin alone to which we have referred, asks damages in the same amount as before, and is predicated upon the breach of the same contract. It is true that the action, so far as Chapple is concerned, is one sounding in tort, and not in contract; but under the provisions of the uniform procedure act, as applied to the provisions of section 5522, supra, the remedy by injunction may be invoked to preserve the status until the true rights of all the parties are ascertained and fixed in the trial of the case. It will be noted that the trial judge in his order followed the provisions of section

5504, from which it must be inferred that the judge was satisfied that the petitioner had proved perfect title to the timber; and for that reason also we are satisfied that the judgment of the trial judge was not erroneous, because the recorded contract under which Mrs. Martin sold Hight all the sawmill timber upon the described tract of land was evidence of title and would have entitled the petitioner to assert a special lien as prayed. As the first petition contained the same allegations upon this point as does that in the instant case, and likewise asked for the establishment of a special lien, it must be inferred that the judgment of the Court of Appeals, affirming the judgment of the lower court in overruling the demurrer, fixed the law of the case upon that point adversely to the contention now sought to be maintained by the plaintiffs in error.

Upon the hearing, as already stated, the evidence in behalf of the petitioner was certainly sufficient to throw it under the general rule that upon conflicting evidence the grant or refusal of an interlocutory injunction rests within the discretion of the trial judge, and that discretion will not be interfered with unless there is a manifest abuse of discretion. Plaintiff in error insists that the evidence is insufficient even when measured by the rule we have last referred to; and this would be true if the evidence as originally incorporated in the bill of exceptions alone is considered. However, the judge by interlineation certified that the entire proceedings which are a part of the record were read and considered as evidence. As the petition is positively verified by the affidavit of the petitioner, it could be considered, and the judge certifies was considered, as a part of the evidence in the case. The statement of facts therein contained supplies sufficient evidence, under the rule already referred to, as a basis for the judgment of the court. As the bill of exceptions was amended by the court before he could certify, it recites: "Plaintiff in error sets out next hereinafter the evidence adduced on said hearing, to wit, 1st, counsel read the entire pleadings in this case, which are a part of the record, and which were considered by the court in rendering a decision in this case." In any case of a conflict between counsel or party on one hand and the court on the other, this court very properly can not receive the truth from any source except as certified by the presiding judge; and though it is not expressed in terms that counsel

for the petitioner tendered the petition in evidence and that it was thus formally introduced, no other inference can be indulged from the language used by the court.

The only assignment of error upon the court's judgment is the general assignment that it is contrary to law; and for that reason we deem it unnecessary to rule specifically upon some of the suggestions in the brief of counsel, which, even if they were sustained, could not affect the correctness of the ruling in view of the controlling principles to which we have referred.

*Judgment affirmed. All the Justices concur.*