FAMBROUGH *v.* FAMBROUGH, executor.

ALMAND, Justice. Marvin Fambrough brought an equitable petition against H. G. Fambrough, executor of C. F. Fambrough. The case as made by the petition was substantially as follows: Plaintiff is a son of the deceased, C. F. Fambrough, and lived in the home with his father and mother all his life except for a short period in which he was in the naval service, and during the latter years of his father's life he looked after all the business of his father and contributed largely to the support of his mother and father. Plaintiff's father during his life-time contracted with plaintiff to stay on the farm and assist him in paying for the same and look after him and plaintiff's mother; and in consideration thereof his father agreed that at the death of himself and plaintiff's mother, plaintiff was to have the farm, consisting of 120 acres in Morgan County. In pursuance of this agreement, plaintiff

lived on the farm with his mother and father, and his entire earnings went into the living expenses and purchase money of the land. Upon his father's death, plaintiff learned that his father had executed a will without providing for him to inherit the land after his mother's death as agreed between them, and such failure to do so was in violation of his father's agreement with plaintiff. Plaintiff has fully performed his part of the contract, and is entitled to a decree requiring the specific performance of the contract by defendant as executor of his father's estate. The executor is preparing to sell the land for the purpose of distribution to the legatees under the will, and should be enjoined from making such sale. Plaintiff prayed that the defendant executor be restrained and enjoined from changing the status of the land by sale or otherwise pending the trial of this case, and be required to specifically perform the contract between plaintiff and his father as to said 120 acres of land.

On the interlocutory hearing upon plaintiff's prayer for a temporary injunction, defendant filed his special plea, which recited that on October 2, 1950, defendant, as executor of C. F. Fambrough, was, on his application, granted leave to sell some property, which is the subject matter of plaintiff's suit; and, no objection having been made, an order was granted by the Ordinary of Morgan County permitting the executor to sell said property; that the Court of Ordinary of Morgan County had full jurisdiction to deal with the subject matter; and plaintiff had an ample remedy at law at the proper time to said sale, and having failed to do so, he is not now entitled to relief in a court of equity. Evidence was introduced, consisting of a certified copy of an application by defendant, as executor of C. F. Fambrough, to sell a tract of land, containing 120 acres more or less in Morgan County, and an order of the ordinary granting leave to the executor to sell said property. Also before the court was a copy of the will of C. F. Fambrough, which provided that, after payment of debts and certain bequests, all of his property, real and personal, was devised and bequeathed to his widow and three children, one of whom is the plaintiff, and directed the executor to sell at public outcry all of his real estate, and make division of the proceeds among his widow and three children.

The court sustained the special plea of defendant, dismissed the petition as amended, and vacated the temporary restraining order. Plaintiff assigns error on the order sustaining said special plea and dismissing his petition as amended. *Held*:

1. The court of ordinary, in passing upon the application of an executor to sell a specific tract of land of his testator, has no jurisdiction to determine the rights of a son of the testator under an alleged contract between the son and the testator, wherein the son asserts an agreement whereby the testator agreed to devise the specific property to him in consideration of services rendered and to be rendered. See *McWhorter v. Oneal,* 121 *Ga.* 539 (49 S. E. 592); *Burgamy* v. *Holton,* 165 *Ga.* 384 (1) (141 S. E. 42).

2. Construing the instant petition as being an equitable action against the executor of the estate of the plaintiff's father, to require the executor to perform specifically an alleged oral contract between the plaintiff and

the testator, whereby, in consideration of services rendered or to be rendered by the plaintiff to the testator and his wife, the testator agreed to leave by will a specific tract of land to the plaintiff, and alleging that the plaintiff had performed his part of the contract, and that the testator died without devising the property to the plaintiff (*Banks* v. *Howard,* 117 *Ga.* 94, 43 S. E. 438; *Gordon* v. *Spellman,* 145 *Ga.* 682 (3), 89 S. E. 749); and construing the defendant's plea as being one seeking to abate the present equitable action by reason of the pendency in the court of ordinary of an application by the defendant executor to sell the tract of land, the subject matter of the alleged contract, and alleging that the plaintiff had an adequate remedy at law to file his objections to the sale of the land, and having failed to do so, he is now barred from proceeding with the present action—the pendency of the application of the executor to sell the land, the subject matter of the alleged contract, and the failure of the plaintiff to object to said proceeding and to an order directing the sale, did not operate to abate the equitable petition, nor as a bar to the plaintiff proceeding in this action to enforce the alleged contract and to enjoin the sale of said land; and it was error to sustain the defendant's plea and dismiss the petition. See *Frith* v. *Roe,* 23 *Ga.* 139; *Bird* v. *Trapnell,* 148 *Ga.* 301 (96 S. E. 417); *Chapple* v. *Hight,* 161 *Ga.* 629 (131 S. E. 505); *Crummey* v. *Crummey,* 190 *Ga.* 774 (10 S. E. 2d, 859).

3. The petition having been dismissed solely on the defendant's plea in abatement and not upon its merits, our ruling here is confined solely to the questions raised by the assignments of error on the order of dismissal.

*Judgment reversed. All the Justices concur.*

No. 17803. Submitted March 10, 1952—Decided April 16, 1952.

*Bobby D. Bryant* and *Orrin Roberts,* for plaintiff.
*A. F. Jenkins* and *C. R. Vaughn Jr.,* for defendant.