## 27588. TALLANT v. EXECUTIVE EQUITIES, INC.

ARGUED DECEMBER 12, 1972— DECIDED FEBRUARY 8, 1973 — REHEARING DENIED FEBRUARY 22, 1973.

*Candler, Cox & Andrews, E. Lewis Hansen,* for appellant.

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellee.

MOBLEY, Chief Justice. This appeal is from a judgment sustaining a motion to dismiss the equitable complaint of Fred C. Tallant, Sr., against Executive Equities, Inc.

Tallant filed his equitable complaint in Fulton Superior Court on April 19, 1972, alleging that he is the owner of 60% of the Class B stock of the corporation, and seeking to require the corporation to allow him to examine its books and records, to enjoin the corporation from offering for sale a proposed issue of 1,900,000 Class B stock, and to temporarily enjoin the corporation from selling such stock until the denial of a mandamus proceeding in DeKalb County, or until the special shareholders meeting is held, if the mandamus is granted.

The corporation filed a motion to dismiss the complaint. One ground of the motion alleged that there was presently pending in the Superior Court of DeKalb County a complaint by Tallant against the corporation, constituting the same alleged cause of action against the corporation and seeking substantially the same relief, in violation of Code § 3-601. The trial judge sustained this

ground and dismissed the complaint, on June 8, 1972.

The action for mandamus of Tallant in the DeKalb Superior Court was filed April 13, 1972. The defendants were C. Tom Sanson, President of Executive Equities, Inc., and the corporation. It was alleged that Sanson was a resident of DeKalb County, and the corporation a resident of Fulton. The relief sought was mandamus requiring the president to call, and the corporation to hold, a special shareholders meeting pursuant to Tallant's request, and temporary injunction against the issuance of certain Class B common stock until after the special shareholders meeting is held by the corporation.

The temporary restraining order was denied by the trial judge in DeKalb County because the corporation was a Fulton County corporation and equitable relief against it should be sought in Fulton County. The DeKalb County case was concluded by consent order dated May 23, 1972, filed June 8, 1972, requiring the corporation to call a special stockholders meeting.

Code § 3-601 provides: "No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former shall be a good defense to the latter, if commenced at different times."

The action by Tallant against Executive Equities in Fulton Superior Court is not subject to dismissal because of the mandamus action in DeKalb County. The equitable action sought injunctive relief against the issuance of certain Class B stock by the corporation. Temporary injunctive relief as to the issuance of this stock had been denied in DeKalb County because of lack of jurisdiction of an equitable cause against the Fulton County corporation.

This court in *Chapple v. Hight,* 161 Ga. 629 (131 SE 505), held that a petition for injunction as an ancillary

proceeding might be filed, although an action for damages based on the same cause of action was pending. See also: *Ellis v. Millen Hotel Co.,* 192 Ga. 66, 68 (14 SE2d 565), *Fambrough v. Fambrough,* 209 Ga. 23 (2) (70 SE2d 468). At the time these cases were decided the law was as follows: "A plaintiff may pursue any number of consistent concurrent remedies against different persons until he shall obtain a satisfaction from some of them." Code of 1933, § 3-114. Code § 3-114 was amended by Ga. L. 1967, pp. 226, 247, to permit a plaintiff to "pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them."

There can be no question but that under the present law Tallant can pursue the remedy of permanent injunction in Fulton Superior Court, since this relief had not been sought or obtained in the mandamus action. It was error for the trial judge to dismiss the injunctive action in Fulton Superior Court because of the pendency of the mandamus action in DeKalb Superior Court.

*Judgment reversed. All the Justices concur.*