### A11A0417. GRAPEFIELDS, INC. v. KOSBY.
#### (710 SE2d 816)

ANDREWS, Judge.

As a stockholder of Grapefields, Inc., the Lee S. Kosby Trust (acting by Lee S. Kosby, Trustee) asserted its right under OCGA § 14-2-1602 to inspect and copy Grapefields' corporate records. After Grapefields failed to respond, Kosby applied pursuant to OCGA § 14-2-1604 to the superior court for an order permitting inspection and copying of the records and imposition of attorney fees. The superior court ordered inspection and copying of the demanded records, and awarded attorney fees against Grapefields pursuant to OCGA § 14-2-1604 (c) in the amount of $25,220. Grapefields appeals from the award of attorney fees. For the following reasons, we affirm.

Under OCGA § 14-2-1604 (a) and (b), if a corporation improperly refuses a shareholder's demand under OCGA § 14-2-1602 to inspect and copy corporate records, the superior court, upon application by the shareholder, may order the corporation to permit inspection and copying of the demanded records. *Barnett v. Fullard*, 306 Ga. App. 148, 150 (701 SE2d 608) (2010). Under OCGA § 14-2-1604 (c),

> [i]f the court orders inspection and copying of the records demanded, it shall also order the corporation to pay the shareholder's costs (including reasonable attorneys' fees) incurred to obtain the order unless the corporation proves that it refused inspection in good faith because it had a reasonable basis for doubt about the right of the share-holder to inspect the records demanded.

After ordering Grapefields to permit inspection and copying of the demanded records, the superior court held a hearing to consider the award of attorney fees pursuant to OCGA § 14-2-1604 (c), and entered an order awarding Kosby $25,220 as reasonable attorney fees pursuant to OCGA § 14-2-1604 (c). In the order awarding attorney fees, the superior court considered an affidavit filed by Kosby's attorney prior to the hearing stating the attorney fees

expended to obtain the inspection order and a written response to the affidavit filed by Grapefields. Although the court noted in the order that a hearing was held on the attorney fees issue, other than the affidavit and the response, the court did not refer to any evidence presented at the hearing. The transcript of the hearing was omitted by Grapefields from the appellate record. Even if no evidence was presented at the hearing, we assume on this record that Grapefields was given the opportunity for an evidentiary hearing to confront and challenge the value and need for the asserted attorney fees, but waived the right. See *Tavakolian v. Agio Corp.*, 304 Ga. App. 660, 663-664 (697 SE2d 233) (2010); compare *Motor Warehouse v. Richard*, 235 Ga. App. 835, 836 (510 SE2d 600) (1998).

Because OCGA § 14-2-1604 (c) provides in mandatory language that the court "shall" award attorney fees unless the inspection was refused in good faith, the award of attorney fees will be affirmed on appeal if there is any evidence to support it unless, as a matter of law, the corporation proved that it refused inspection in good faith. See *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527, n. 3 (360 SE2d 566) (1987). Grapefields did not contend that attorney fees were improperly awarded because it refused inspection in good faith. Rather, it contended that some of the awarded attorney fees were not "incurred to obtain the order" permitting inspection of the records, as required by OCGA § 14-2-1604 (c), or otherwise were not reasonable.

In support of these contentions, Grapefields argues that Kosby's affidavit stating the attorney fees shows on its face: (1) that legal research conducted by the attorney was not "incurred to obtain the order" but was for unrelated matters; (2) that the attorney's consultations with a third party involved review of documents or unrelated matters and was not "incurred to obtain the order"; and (3) that some of the stated attorney fees were unreasonable because they appeared to involve performance of clerical rather than legal services. Grapefields may have been able to demonstrate these contentions by cross-examination of the attorney who provided the affidavit at an evidentiary hearing, but, as noted above, it waived that opportunity and relied solely on a written response to the affidavit. The affidavit does not clearly show on its face that some of the asserted attorney fees were unreasonable or were incurred for matters unrelated to obtaining the order. Applying the any evidence standard of review, we find that there was some evidence to support the superior court's award of attorney fees in the amount of $25,220.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED MAY 16, 2011.

*John D. Stone*, for appellant.

*Freisem, Macon, Swann & Malone, C. Cyrus Malone III*, for appellee.