A11A1513. ADVANCED AUTOMATION, INC. v. FITZGERALD.
(718 SE2d 607)

MIKELL, Judge.

Advanced Automation, Inc. (AAI), appeals from the trial court's grant of minority shareholder Barbara Fitzgerald's Application for Inspection of Corporate Records and award of attorney fees pursuant to OCGA § 14-2-1604, contending that the trial court lacked jurisdiction under OCGA § 14-2-940 and, because there was a prior pending action, under OCGA § 9-2-5.

The following facts are not disputed. Barbara Fitzgerald was employed in 1996 by AAI, a Georgia statutory close corporation engaged in assisting small and mid-sized companies with their computer networks, website design and hosting, and development of custom software applications. In 1998, Fitzgerald was appointed as corporate secretary and given a three percent interest in the outstanding shares of AAI as an inducement to stay. In 2000, she was promoted to vice-president of AAI and given an additional 17 percent interest in the outstanding shares, making her a 20 percent owner and minority shareholder of AAI. John Moore was the holder of the remaining 80 percent of the corporate shares and was the chief executive officer of AAI. Differences arose, and Moore forced Fitzgerald out of AAI in May 2010. Moore then offered to purchase Fitzgerald's shares for $48,000, which Fitzgerald contends is less than one-quarter of their actual value.

On September 23, 2010, Fitzgerald filed suit against Moore and AAI in the Superior Court of Fulton County pursuant to OCGA § 14-2-940, seeking damages from Moore for breach of fiduciary duty, punitive damages, and attorney fees. She also requested that the court require AAI to purchase her shares for their fair value as determined by the court. That same day, Fitzgerald's counsel sent letters to AAI and its registered agent in Cobb County requesting that AAI's corporate records be made available for her inspection pursuant to OCGA § 14-2-1602 (b) and (c). When there was no response from AAI, Fitzgerald filed her Application for Inspection and Motion to Compel in the Superior Court of Cobb County on October 14, 2010. Following a hearing on November 2, 2010, the Cobb Superior Court entered its order directing AAI to produce the records requested and awarding Fitzgerald attorney fees of $7,787.50.

A trial court's decision in this regard will be affirmed unless it is

found to be clearly erroneous.[1]

1. AAI's first enumeration is that the Cobb County Superior Court lacked jurisdiction to grant the application and award attorney fees because OCGA § 14-2-940 conferred exclusive jurisdiction on Fulton County and the Fulton County action was a prior pending action under OCGA § 9-2-5.

(a) We first address the relationship between Code sections 14-2-940 et seq. and 14-2-1602 et seq.

OCGA § 14-2-940, part of Article 9 of the Georgia Business Corporations Code, titled "Close Corporations," provides, in pertinent part:

> (a) Subject to satisfying the conditions of subsections (c) and (d) of this Code section [not applicable here], a shareholder of a statutory close corporation may petition the superior court for any of the relief described in Code Section 14-2-941, 14-2-942, or 14-2-943 if:
>
> (1) The directors or those in control of the corporation have acted, are acting, or will act in a manner that is illegal, oppressive, fraudulent, or unfairly prejudicial to the petitioner, whether in his capacity as shareholder, director, or officer of the corporation;
>
> . . .
>
> (b) A shareholder must commence a proceeding under subsection (a) of this Code section in the superior court of the county where the corporation's principal office (or, if none in this state, its registered office) is located.[2] *The jurisdiction of the court in which the proceeding is commenced is plenary and exclusive.*[3]
>
> . . .
>
> (e) . . . [A] shareholder's right to commence a proceeding under this Code section and the remedies available under Code Sections 14-2-941 through 14-2-943 are in addition to any other right or remedy he may have.

OCGA § 14-2-941 provides for the granting of "ordinary" relief

---

[1] *Parker v. Clary Lakes Recreation Assn.*, 243 Ga. App. 681, 683 (534 SE2d 154) (2000). Cf. *Grapefields, Inc. v. Kosby*, 309 Ga. App. 588, 589 (710 SE2d 816) (2011).

[2] AAI contends that its principal office is in DeKalb County, but Fitzgerald filed in Fulton due to Moore's residing there. "[J]oint tort-feasors, obligors, or promisors, . . . residing in different counties, may be subject to an action as such in the same action in any county in which one or more of the defendants reside." OCGA § 9-10-31 (b).

[3] (Emphasis supplied.)

as follows: (1) the performance of, prohibition of, or alteration of a *corporation's actions*; (2) the cancellation or alteration of bylaws or a shareholders' agreement; (3) the removal of officers and directors; (4) the appointment of officers and directors; (5) an accounting; (6) the appointment of a custodian; (7) the appointment of a provisional director; (8) the payment of dividends; and (9) the award of damages. OCGA § 14-2-942 provides for the extraordinary relief of requiring the corporation to repurchase shares and OCGA § 14-2-943 provides for the extraordinary relief of corporate dissolution.

AAI argues that the italicized language in OCGA § 14-2-940 (b) precluded Fitzgerald's filing of her Application in Cobb County and that, alternatively, the Fulton County action was a prior pending action pursuant to OCGA § 9-2-5.[4]

OCGA § 14-2-1602, regarding inspection of records by shareholders, is the second section contained in "Article 16 Records and Reports" of the Georgia Business Corporation Code. Subsection (a) provides that all corporations, not just closely held ones, "shall" keep a copy of eight specified types of records.[5] Subsection (b) provides:

> A shareholder of a corporation is entitled to inspect and copy, during regular business hours at the corporation's principal office, any of the records of the corporation described in subsection (a) of this Code section if he gives the corporation written notice of his demand at least five business days before the date on which he wishes to inspect and copy.

Subsection (c) provides:

> A shareholder of a corporation is entitled to inspect and copy, during regular business hours at a reasonable location specified by the corporation, any of the following records of the corporation[6] if the shareholder meets the requirements

---

[4] "(a) No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. . . . If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter."

[5] Included are articles of incorporation and amendments thereto, bylaws and amendments thereto, resolutions dealing with the number and classifications of directors, resolutions dealing with classes or series of shares, minutes of shareholders meetings, communications to shareholders, a list of the names and business addresses of the current directors and officers, and the most recent annual registration delivered to the Secretary of State.

[6] Included are excerpts of minutes of any meeting of the board of directors and records of any action of a committee of the board, accounting records of the corporation, and the record of shareholders.

of subsection (d) of this Code section[7] and gives the corporation written notice of his demand at least five business days before the date on which he wishes to inspect and copy[.]

Subsection (f) provides:

> This Code section does not affect: (1) The right of a shareholder to inspect records . . . , if the shareholder is in litigation with the corporation, to the same extent as any other litigant; or (2) The power of a court, independently of this chapter, to compel the production of corporate records for examination.

OCGA § 14-2-1604 provides the remedy for a shareholder whose requests under OCGA § 14-2-1602 (b) and (c) to inspect and copy have not been met. In such a situation, the shareholder "may apply to the superior court in the county where the corporation's registered office is located"[8] and that court "may summarily order inspection and copying of the records demanded at the corporation's expense upon application of the shareholder."[9]

In order to come to the conclusion urged by AAI, we would need to consider the italicized language of OCGA § 14-2-940 (b) relied on by AAI in a vacuum.

> It is a cardinal rule of statutory construction that the literal meaning of the statute prevails unless such a construction would produce unreasonable or absurd consequences not contemplated by the legislature. Moreover, in construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole.[10]

So reading the statutes involved here, it is apparent that the legislature intended Code sections 14-2-940 through 14-2-943 to provide relief to a minority shareholder in a closely held corporation

---

[7] Demand made in good faith and for a proper purpose; the records are connected to that purpose; the records will only be used for the stated purpose.

[8] OCGA § 14-2-1604 (b), (c).

[9] OCGA § 14-2-1604 (a).

[10] (Citations and punctuation omitted.) *Ga. Society &c. Surgery Centers v. Ga. Dept. of Community Health*, 309 Ga. App. 31, 35 (1) (710 SE2d 183) (2011), cert. granted on other grounds, 2011 Ga. Lexis 702 (unpublished) (whether the Georgia Society of Ambulatory Service Centers and its members were required to exhaust administrative remedies).

when the majority shareholder and officer has acted or will act in a manner that is illegal, oppressive, fraudulent, or unfairly prejudicial to the minority shareholder.[11] That is the relief being sought here by Fitzgerald in her Fulton County suit against AAI and Moore. While the jurisdiction of the Superior Court of Fulton County over this proceeding is "plenary and exclusive,"[12] it is also clear on the face of the statute that the shareholder's rights and remedies under it "are in addition to any other right or remedy [s]he may have."[13]

Therefore, we do not find, as urged by AAI, that the language of OCGA § 14-2-940 (b) precluded Fitzgerald's availing herself of the provisions of OCGA §§ 14-2-1602 and 14-2-1604 in Cobb County.[14]

(b) Nor do we find that the pendency of the Fulton County action precluded the filing of Fitzgerald's application in Cobb County under OCGA § 9-2-5.[15]

That statute requires that the two causes of action be the same and involve the same parties, which we do not find here.

First, Fitzgerald's application in Cobb County is against only AAI while her action in Fulton County includes claims against both AAI and Moore. Further, the causes of action are not the same. The Cobb County suit sought only access to corporate records and attorney fees, while the Fulton County suit sought damages for breach of fiduciary duties, punitive damages, attorney fees, and the forced repurchase of Fitzgerald's shares by AAI at a price determined by the court.

Therefore, OCGA § 9-2-5 does not apply to this case.[16]

2. AAI's second enumeration is that the trial court erred in awarding attorney fees pursuant to OCGA § 14-2-1604 because it failed to hold an evidentiary hearing and the award was unreasonable.

An award of attorney fees pursuant to this statute "will be affirmed on appeal if there is any evidence to support it unless, as a

---

[11] See generally *Gallagher v. McKinnon*, 273 Ga. App. 727, 730-732 (1) (615 SE2d 746) (2005).

[12] OCGA § 14-2-940 (b).

[13] OCGA § 14-2-940 (e).

[14] Cf. *Mannato v. SunTrust Banks*, 308 Ga. App. 691 (708 SE2d 611) (2011) (discussing the legislative history of the Georgia Business Corporation Code enacted in 1988 and, specifically, OCGA § 14-2-1602).

[15] We note that, asked directly by the Cobb trial court if the Superior Court of Cobb County had "jurisdiction here," AAI's counsel responded "[a]bsolutely."

[16] Cf. *Tallant v. Executive Equities*, 230 Ga. 172, 173 (195 SE2d 904) (1973) (finding that an equitable action in Fulton County seeking injunctive relief against the issuance of Class B stock was not precluded by pending DeKalb County action seeking a mandamus requiring corporation to call special shareholders' meeting regarding the matter).

matter of law, the corporation proved that it refused inspection in good faith."[17]

During the hearing in Cobb County, Fitzgerald's counsel tendered an affidavit from an associate regarding the hours spent on the matter and a calculation of the attorney fees and expenses owed. Asked if he had any objections to it, AAI's counsel stated "[w]ell, your Honor, I don't think we're going to get there." The trial court then specifically asked if AAI's counsel had any objection to the admissibility of the affidavit, to which he responded "[n]o sir. I'm sorry, I don't."

Following this hearing, the trial court allowed additional briefs to be filed and a subsequent affidavit documenting attorney fees incurred in this briefing was filed on Fitzgerald's behalf. The record here contains no objection of record to that affidavit.

There was a hearing held and evidence regarding attorney fees was tendered. To this procedure and this evidence, AAI's counsel voiced no objection. Therefore, any such objections have been waived.[18]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

## DECIDED NOVEMBER 4, 2011.

*Thomas R. Todd, Jr.*, for appellant.
*Caldwell & Watson, Robert S. Carlson, Jeremy M. Moeser*, for appellee.

---

[17] (Citation omitted.) *Grapefields, Inc. v. Kosby*, 309 Ga. App. at 589.
[18] *Tavakolian v. Agio Corp.*, 304 Ga. App. 660, 663-664 (3) (697 SE2d 233) (2010).