## 23695. SOUTHERN ACCEPTANCE CORPORATION v. NALLY.

ALMAND, Justice.   James A. Nally filed an equitable petition in which he named Southern Acceptance Corporation as defendant.   Petitioner alleged that he was a stockholder in the defendant corporation and desired to have access to, examine and copy certain of the books and records of the corporation, which has its principal office in Atlanta.   He alleged that he requested the right to make such examination in writing, but he has been refused this right by the defendant corporation and its officers.   Petitioner further alleged "that said purpose is germane to petitioner's interest as a stockholder and is not inimical to the interest of the corporation, but is for the purpose of informing himself as to the manner and fidelity with which the corporate affairs are being conducted and for the further purpose of ascertaining the financial condition of the corporation and the value of its stock.   That such examination was and is requested to be conducted during normal and reasonable business hours at the corporation's principal office in Atlanta, Fulton County, Georgia."   Petitioner prayed "that defendant corporation be enjoined from interfering with petitioner's right to inspect and/or copy various books, records and documentary affairs of the corporation and plaintiff herein be allowed to inspect and/or copy the records of the corporation."   A rule nisi issued.

On June 13, 1966, the court, after hearing evidence, granted the prayers of the plaintiff as to the examination of the records at a stated time and place and ordered the directors and officers of the corporation not to interfere with plaintiff's right to inspect the corporate records of the defendant.   The appeal assigns error on this order.   *Held:*

"A bona fide stockholder has the legal right to inspect the books and records of the company, where the examination is asked for in good faith for a specific and honest purpose, and not to gratify curiosity, or for speculating or for vexatious purposes; and provided further that the purpose of the stockholder desiring to make the examination is germane to his interest as a stockholder, proper and lawful in character, and not inimical to the interests of the corporation itself, and the inspection is made during reasonable business hours." *Winter v. Southern Securities Co.,* 155 Ga. 590 (1) (118 SE

214). The evidence fully meets the requirements and conditions as set out in the above cited case under which a stockholder has the right to inspect the books and records of the corporation. The order of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1966—DECIDED SEPTEMBER 22, 1966.

*J. A. Cochran, Cochran, Scoggins & Camp, J. M. Grubbs, Jr., Grubbs & Burke,* for appellant.

*A. Ed Lane, Woodruff, Savell, Lane & Williams,* for appellee.

*Judgment affirmed. All the Justices concur.*