## 57963. RISER v. GENUINE PARTS COMPANY.

DEEN, Chief Judge.

1. The appellant, a former employee and shareholder in the appellee corporation, made demand upon it under the provisions of Code § 22-613 for copies of a lengthy list of corporate documents. The corporation proffered a range of papers including shareholder lists, minute books of directors, stock option committee, etc., bylaws, audited annual reports, unaudited quarterly reports, attorney fees for the years 1974 through 1976, a registration statement filed with SEC, and the published registration statements, prospectus and proxy statements also as required by SEC. Refused were profit and loss statements for the past five years of the defendant's 286 company-owned jobbing stores (received monthly by the corporation) and each of its divisions and subsidiaries. "Divisions" apparently mean distribution centers including 39 auto parts centers and a wide range of other subsidiaries. (This information was refused as irrelevant and misleading, in that inter-company sales reflected on such reports would be eliminated before preparation of the profit and loss statements, and as granting preferential treatment to a single shareholder); earnings projections for all divisions and subsidiaries (defendant states that the quarterly and annual financial reports furnish the information required by the SEC in this area); the attorneys' work papers and other files relating to the investigation of Genuine Parts Co. by the Federal Trade Commission; records of investments of

pension and retirement funds of the defendant, its divisions and its subsidiaries; all data relating to a merger between Motion Industries and defendant, including the statements and opinions of the attorneys; all corporate tax returns, all reports submitted to the board of directors of management by the auditors (defendant says this is included in the annual profit and loss sheet), and all records relating to aircraft purchase, maintenance, and flight logs (defendant answers that it owns one identified airplane, giving cost and maintenance expense including three employees, and says it has no segregated category for this airplane).

The trial judge closely analyzed the evidence submitted and entered a detailed order in favor of the defendant. He found that the latter is a publicly held corporation regulated by the Securities & Exchange Commission, with over 18,000,000 outstanding shares divided among over 6,000 shareholders and a wide diversity of operations and that the plaintiff and other shareholders regularly receive or have available a wide range of published information including summaries of operations, SEC quarterly and annual filings, audited financial statements, statements of changes in financial position and notes on the consolidated financial statements, among other material. The documents are sought in order to determine whether proper records are being kept, the performance of management and the condition of the company. There has been no suggestion of mismanagement, impropriety or unstable financial condition. Plaintiff agrees that the company has "an excellent record."

We agree with the parties and the trial court that this constitutes a proper purpose within the purview of Code § 22-613 for seeking the "books and records of account, minutes and record of shareholders" which may be available to shareholders on demand, and that the only question is whether those documents which have been refused, which include attorneys' opinions and work sheets, profit and loss projections, further breakdowns of the monthly records of the jobbers, subsidiaries and distribution centers, income tax records, and merger and investigatory files, should also be

forthcoming. This boils down to a definition of the words "books and records of account," the shareholder and minutes information having been furnished without demur. The appellant relies on language in Meyer v. Ford Industries, Inc., 538 P2d 353, for the proposition that the words, as used in this and similar statutes founded basically on the Model Business Corporations Act, are subject to a broad and liberal construction so as to extend to all records, contracts, paper and correspondence to which the common-law right of inspection of a stockholder might properly apply. One of the listed items was records relating to the investment of the amount which the defendant contributed to its employee pension plan. We agree with *Meyer* that this is a proper demand. It would be relevant to the plaintiff's interest in the corporation as a stockholder and former employee, and the defendant has shown no reason why the information would be a breach of confidentiality. It was error to deny item eight of the requested documents.

Work sheets, particularly those of attorneys, have been held confidential and unavailable. In Goldstein v. Lees, 120 Cal. Rptr. 253, 257 it was held: "Moreover, it is apparent that although shareholders have some rights to corporate information not available to the general public, shareholder status does not in and of itself entitle an individual to unfettered access to corporate confidences and secrets . . . shareholders have less right to acquire corporate information than do directors. This proposition is also supported by the interpretations governing the scope of attorney-client privilege." And the right does not, at least in the absence of other considerations, extend automatically to the obtention of income tax returns, and general demands which are overly broad in their scope. *Master Mtg. Corp. v. Craven,* 127 Ga. App. 367 (2) (193 SE2d 567) (1972). The term "books and records of account" has been held not to apply to a file on a proposed merger. State ex rel. Armour & Co. v. Gulf Sulphur (Del.), 231 A2d 470 (1967).

2. It is also recognized that requests for certain documents are to be granted as a matter of course, while more peripheral documents may be produced or not dependent on circumstances. The "law looks more

favorably upon requests for access to the stock register than for access to other company records." NVF Co. v. Sharon Steel Corp., 294 FSupp. 1091, 1093.

As to these more peripheral requests, the Georgia statute has structured a summary decision-making process leaving much to the discretion of the trial judge. Code § 22-613 (d) provides that when documents called for by a shareholder who has demonstrated a proper purpose are refused and he establishes that he is qualified and entitled to an inspection, it shall be ordered "subject to any limitations which the court may prescribe."

The common law right of a shareholder to inspect the books and records of the company has long been recognized in Georgia. *Winter v. Southern Securities Co.,* 155 Ga. 590 (1) (118 SE 214); *G. S. & M. Co. v. Dixon,* 220 Ga. 329 (138 SE2d 662) (1964); *Southern Acceptance Corp. v. Nally,* 222 Ga. 534 (150 SE2d 653) (1966). While the statutory language is frequently enlarged over that of its common law ancestry (see 15 ALR2d, Anno., p. 11 et seq.) it also places much discretion in the trial judge to determine whether the purpose named is a proper one, whether the request is vexatious or arising from idle curiosity, whether the documents called for are relevant, material, and not over burdensome, whether granting the requests would violate principles of confidentiality, lead to legal difficulties with federal agencies, or give an unfair advantage to the petitioning stockholders — in all such matters the *unbridled right* which attaches to stockholders lists does not apply. As the trial judge stated, the burden of showing a proper purpose as to specific materials is on the plaintiff and "this burden should become somewhat heavier as the information sought becomes increasingly remote from the statutory objects of 'books and records of account, minutes and record of shareholders,' " the language cannot be enlarged to include "every document generated by or received by Genuine Parts, even including confidential management data, confidential legal opinions and personnel evaluation" in the absence of a more compelling reason than the plaintiff has shown.

With the exception of Item 8, the trial court did not err in denying the additional corporate information

sought.

*Judgment affirmed in part and reversed in part. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

ARGUED MAY 29, 1979 — DECIDED JUNE 13, 1979 — REHEARING DENIED JUNE 28, 1979 —

*Mull & Sweet, Thomas E. Maddox, Jr., Gale W. Mull,* for appellant.

*Alston, Miller & Gaines, Ben F. Johnson, III, Sheri H. Silverman,* for appellee.