A89A0914. STEWART et al. v. BANK OF LUMBER CITY et al.
(387 SE2d 366)

CARLEY, Chief Judge.

Appellant-plaintiffs are minority shareholders of appellee-defendant Bank of Lumber City (Bank). They brought this action, seeking to compel appellee-defendant directors and officers of the Bank to produce the corporate books and records for inspection and examination. After the hearing, the trial court entered judgment in favor of appellees, concluding that appellants had not shown a proper purpose for compelling production of the corporate books and records. Appellants appeal from this order.

1. The trial court's finding that appellants had failed to show a proper purpose to compel production of the books and records of appellee Bank is enumerated as error.

OCGA § 7-1-439 (b) authorizes the Department of Banking & Finance to prescribe, by regulation, the corporate records and reports

which must, at a minimum, be disclosed to shareholders. It is undisputed that, in compliance with the relevant administrative regulations, such disclosures have been made to appellants. However, OCGA § 7-1-439 (c) further provides that the administrative regulations do not "impair the power of any court of competent jurisdiction, upon *proof by a shareholder of proper purpose* . . . to compel the production or examination by such shareholder of the books and records of account, minutes, and record of shareholders of a bank or trust company." (Emphasis supplied.) This statute "places much discretion in the trial judge to determine whether the purpose named is a proper one, whether the request is vexatious or arising from idle curiosity, whether the documents called for are relevant, material, and not over burdensome . . . . [T]he burden of showing a proper purpose as to specific materials is on the plaintiff. . . ." *Riser v. Genuine Parts Co.*, 150 Ga. App. 502, 505 (2) (258 SE2d 184) (1979) (construing OCGA § 14-2-122).

Appellants' purported purpose is not to verify any mismanagement, fraud or misappropriations of funds. Instead, they assert a desire to determine whether proper corporate records are being kept and to investigate the performance of management and the financial condition of appellee Bank. There is, however, evidence that this action to compel production arises in the context of a long and determined effort by appellants to place one of their number on the board of directors of appellee Bank. The evidence authorized the trial court to find that appellants had failed to show that they could not achieve their purported purposes through resort to the records that had been previously furnished to them. Therefore, the trial court's finding that appellants had not shown the requisite "proper purpose" to compel production was not clearly erroneous. See OCGA § 9-11-52 (a).

2. In light of our holding in Division 1, the trial court did not err in failing to award appellants attorney's fees.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 29, 1989 —
REHEARING DENIED OCTOBER 16, 1989 —

*Andrew, Threlkeld & Ellington, Reid A. Threlkeld, John J. Ellington,* for appellants.
*Smith & Harrington, Will Ed Smith,* for appellees.