S92A0737. C.H.E., LTD. et al. v. KENT et al.
(419 SE2d 915)

BENHAM, Justice.

The primary issue in this case is the applicability of restrictive covenants to property purchased by the corporate appellant, C.H.E., Ltd. The restrictive covenants at issue were recorded in November 1975 along with the plat for Holly Island East subdivision. C.H.E. subsequently purchased a tract of land which included several lots identified as such on the plat and, contiguous with the northern boundary of those lots, a larger tract which was not identified on the plat as a lot. When appellant Solomon, president of C.H.E., revealed that he intended to place a mobile home and possibly a firing range on the northern tract, a group of persons owning lots in the subdivision sought an injunction based on the restrictive covenants. The trial court found that the covenants applied to all of appellants' property

---

and barred the proposed activities.

Appellants' position is that the restrictions apply only to "lots" in the subdivisions and that since the northern portion of the tract C.H.E. purchased, the area on which his proposed activities would occur, was never platted as a "lot," the restrictions do not apply. A reading of the covenants supports appellants' position. The second paragraph of the stipulation containing the restrictive covenants referred to the developers and "each and every person who shall hereafter purchase any *lot* or *lots* in said subdivision. . . ." The third paragraph provides for the covenants to "apply to all of said *lots* in said subdivision, and to all persons owning said *lots*. . . ." The succeeding numbered paragraphs contain restrictions directly addressing lots: "No *lot* shall be used except for residential purposes. . . . No noxious or offensive activity shall be carried on upon any *lot*. . . . No structure of a temporary character . . . shall be used on any *lot*. . . ." (Emphasis supplied.) Continuing in that vein, the covenants refer clearly to lots. A review of the subdivision plat, which is contained in the record of this case, shows that the lots were numbered for identification. Although part of the property C.H.E. purchased is divided into numbered lots, the northern portion of the tract is not numbered as a lot. Since the covenants apply to lots and the northern portion of the tract is not a lot, it follows logically that the covenants do not apply to the northern portion of the tract.

That result is consistent with this court's decision in *Bales v. Duncan*, 231 Ga. 813 (1) (204 SE2d 104) (1974). There, too, restrictive covenants were drafted to refer to lots and lot owners, and the property in question was a tract included within the subdivision plat but not designated as a lot. Applying the rule that

> when construing the applicability of a restrictive covenant to a questioned parcel of land a presumption will operate in favor of the free use of the land by its owner and any doubt will be resolved in favor of the owner[,] [cits.] [Id.]

this court found the tract not to be subject to the restrictive covenants. We find that principle and holding appropriate to the present case as well.

Appellees contend that since the trial court took evidence and appellants failed to include a transcript in the record on appeal, the trial court's findings must stand and its judgment be affirmed. That argument is not persuasive because the issue to be decided is not one of fact: accepting the trial court's findings as correct, the record nonetheless demands the conclusion that the restrictive covenants do not apply to the northern portion of appellants' tract of land.

*Westhampton, Inc. v. Kehoe*, 227 Ga. 642 (182 SE2d 430) (1971),

the case on which appellees rely for the proposition that a trial court may impose restrictions where the deed fails to include them, does not help appellees' position. This court held there that owners of property in a subdivision who were promised that subsequent development of the subdivision would incorporate the same restrictive covenants that applied to their property could enforce that promise. In the present case, the result is not dependent on the question of whether C.H.E. bought the property subject to the restrictions. Assuming that it did, and that the restrictions apply with full force to the lots included in the tract C.H.E. bought, the very language of the covenants, when applied to the plat in the record, demands the conclusion that the northern part of appellants' tract is not subject to the restrictions because it is not a lot.

*Judgment reversed. Clarke, C. J., Bell, P. J., Hunt, Fletcher and Sears-Collins, JJ., concur.*

DECIDED SEPTEMBER 11, 1992.

*Frank T. Bell,* for appellants.
*Kenneth L. Hornsby,* for appellees.