A96A1130. McLEAN v. TURTLE COVE PROPERTY ASSOCIATION, INC.
(475 SE2d 718)

POPE, Presiding Judge.

Plaintiff Thomas McLean is the owner of six lots in Turtle Cove subdivision, a residential development in Jasper County, and defendant Turtle Cove Property Association, Inc. ("the Association") is a non-profit corporation whose members include all owners of property in the development. Pursuant to a Declaration of Covenants and Restrictions, the Association collects dues from the landowners and provides them with certain benefits. Plaintiff brought this action to enjoin it from collecting dues and exercising its powers with respect to four of his six lots. The trial court granted the Association's motion for summary judgment and denied plaintiff's, concluding that the rights and obligations set forth in the Declaration of Covenants and Restrictions apply to all lots in the subdivision despite the Association's failure to file additional declarations when additional lands were developed. We agree with the trial court and affirm.[1]

Turtle Cove subdivision began in 1971, with the development of a tract of approximately 297 acres. The Association was incorporated

---

[1] We note that although this is an appeal from the denial of injunctive relief, the correctness of the denial turns on the legal question of whether the covenants apply to lots in the tracts added to the subdivision after the original 297-acre tract was developed. Accordingly, the case is properly before this Court. See *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993).

at that time, and the Declaration of Covenants and Restrictions was recorded. In subsequent years, numerous other tracts were added to the development. The original declaration clearly anticipated that this would happen: "the Developer . . . shall have the right to bring Additional Property in future stages of development within the general plan or scheme of this Declaration. Additions, if any, shall comply with the standards set forth in this document. The additions shall be subject to assessment for their just share of the Association expenses." But the document also provided that when additions were made, a "Supplementary Declaration of Covenants and Restrictions" would be recorded, and it is undisputed that no supplementary declarations were filed. The plats of the additions referenced the original Declaration of Covenants and Restrictions, however. Moreover, plaintiff acknowledges that he knew of the Declaration of Covenants and Restrictions when he purchased his lots and that he — like all of the other landowners — assumed it applied to his four lots in the additions as well as his two lots in the original 297-acre tract. Indeed, the Association and the landowners have acted on that assumption for more than 20 years, with the landowners paying dues and the Association maintaining common recreational areas and providing other benefits to its members.

1. Plaintiff argues that since no one filed supplemental declarations when the subdivision grew to encompass additional tracts, the covenants and restrictions contained in the original Declaration do not apply to lots in those additional tracts. But restrictive covenants may apply to lots in a planned development under an implied covenant theory, even if the developer failed to comply with all formalities, as long as the landowner had knowledge of the restrictive covenants at the time he purchased the property. See *Westhampton, Inc. v. Kehoe*, 227 Ga. 642, 645-647 (182 SE2d 430) (1971); *Kilby v. Sawtell*, 203 Ga. 256 (1), (2) (46 SE2d 117) (1948). *Westhampton* and *Kilby* involve the developer's failure to include the restrictive covenants in the deed while this case focuses on the developer's failure to record supplemental declarations, but we do not consider this distinction crucial: the point of those cases is that the developer's failure to do something he should have done to ensure notice does not render the covenants inapplicable as long as the purchaser had notice of the covenants at the time of purchase. And the need for such a rule is particularly compelling where third parties have relied on the applicability of the covenants. See *Westhampton*, 227 Ga. at 646.

In this case, plaintiff acknowledges that he had actual notice of the covenants when he purchased his lots. Moreover, the Association and plaintiff's neighbors have relied for many years on the applicability of the covenants to the added tracts. Under these circumstances, the trial court did not err in holding that the covenants were

applicable to all of plaintiff's lots.[2]

2. Plaintiff also appeals the trial court's ruling that he was not entitled to copies of documents prepared by the Association's attorney regarding the validity of the covenants. Without citing any authority, he argues that it is only fair that he should have access to this information: he is a member of the non-profit corporation, so its attorney is his attorney. Correspondence and other documents received from the Association's attorney are not among the records a member has an automatic right to inspect and copy under OCGA § 14-3-1602 (a) & (b), however. And assuming these documents are among the records a member would be entitled to inspect with written notice setting forth with reasonable particularity the purpose of the inspection, plaintiff failed to meet his burden of setting forth a proper purpose. See OCGA § 14-3-1602 (c) & (d); *Riser v. Genuine Parts Co.*, 150 Ga. App. 502, 504 (1) (258 SE2d 184) (1979) (applying analogous analysis in case involving for profit corporation; shareholder status does not entitle individual to unfettered access to corporate confidences and secrets).

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED SEPTEMBER 10, 1996.

*Philip A. Johnson,* for appellant.
*Anderson, Walker & Reichert, Travis M. Trimble,* for appellee.

---

[2] Plaintiff's reliance on *C. H. E., Ltd. v. Kent*, 262 Ga. 418 (419 SE2d 915) (1992) (reversing the trial court's imposition of restrictions based on covenants) is misplaced, as it was clear from the language of the covenants in that case that they were only intended to restrict the use of "lots," and the appellants' parcel was not a "lot."