A00A0116. PARKER v. CLARY LAKES RECREATION
ASSOCIATION, INC.
(534 SE2d 154)

RUFFIN, Judge.

Phillip Parker applied to the Cobb County Superior Court for an order compelling Clary Lakes Recreation Association, Inc. (CLRA) to produce certain corporate documents. The superior court granted in part and denied in part Parker's application, and he appeals. We affirm.

---

[1] 235 Ga. App. 759 (509 SE2d 742) (1998).
[2] *McNeal Constr. Co. v. Wilson,* 271 Ga. 540 (522 SE2d 222) (1999).

CLRA is a nonprofit homeowners' association of which Parker is a member. Parker sued CLRA in 1997, alleging mismanagement and violation of corporate bylaws.[1] During discovery in that litigation, CLRA produced all corporate records requested by Parker. After the discovery period in that case closed, Parker sent a written request to CLRA to "inspect all accounting and/or corporate records of [CLRA] for the purpose of determining the performance of management and the condition of the corporation." Parker requested that CLRA produce nine categories of documents from December 1998 to the date of the request, including records of all asset accounts, invoices and billing statements, profit and loss statements, tax returns, corporate meeting minutes, and membership lists. CLRA refused the request on the grounds that it was "nothing more than an attempt to conduct additional discovery in [the pending] lawsuit after the discovery period ha[d] expired."

Parker applied to the superior court under OCGA § 14-3-1604 for an order directing CLRA to produce the requested documents and for an award of attorney fees. The application was heard by the same judge presiding over Parker's lawsuit against CLRA. Following a hearing, the judge denied Parker's application with respect to all documents requested but ordered CLRA to produce minutes from certain corporate meetings. OCGA § 14-3-1602 allows members of nonprofit corporations to inspect and copy certain corporate records. The statute divides corporate records into two basic categories. The first category, listed in OCGA § 14-3-1602 (a), includes eight kinds of records, such as articles of incorporation, bylaws, minutes of meetings, and corporate resolutions. These records are accessible to any member who makes a written request at least five business days before the date the member wishes to inspect and copy such records.[2] The second category, listed in OCGA § 14-3-1602 (c), includes excerpts of minutes of certain specialized corporate meetings, accounting records of the corporation, and the membership list.[3] Members may inspect and copy the records in the second category only if:

> (1) The member's demand is made in good faith and for a proper purpose that is reasonably relevant to the member's legitimate interest as a member;
> (2) The member describes with reasonable particularity the purpose and the records the member desires to inspect;

---

[1] Neither the complaint nor any other pleadings from that lawsuit are part of the record in this case.

[2] OCGA § 14-3-1602 (b).

[3] OCGA § 14-3-1602 (c).

(3) The records are directly connected with this purpose; and

(4) The records are to be used only for the stated purpose.[4]

If a corporation does not allow a member who meets the above requirements to inspect and copy records, the member may apply to the superior court for an order permitting inspection and copying of the requested records.[5] If the court enters such an order, it shall also order the corporation to pay the member's reasonable costs and attorney fees incurred to obtain the order "unless the corporation proves that it refused inspection in good faith because it had a reasonable basis for doubt about the right of the member to inspect the records demanded."[6]

We have not addressed the proper standard of review of a trial court's ruling on an application pursuant to OCGA § 14-3-1604 to inspect and copy the books of a nonprofit corporation. We note, however, that shareholders of for-profit corporations have virtually identical statutory inspection rights.[7] Specifically, shareholders of for-profit corporations may apply to the superior court for an order allowing them to inspect and copy corporate records.[8] We have held that an applicant for such an order bears the burden of "showing a proper purpose as to specific materials" and that the trial judge has

> much discretion . . . to determine whether the purpose named is a proper one, whether the request is vexatious or arising from idle curiosity, whether the documents called for are relevant, material, and not over burdensome, [and] whether granting the requests would violate principles of confidentiality.[9]

We have held also that a trial court's findings with respect to whether an applicant has shown a "proper purpose" to compel production of corporate documents must stand unless it is clearly erroneous.[10]

Applying this standard of review here, we must affirm the trial judge's ruling. Because virtually all of the documents Parker sought fell into the second category, under OCGA § 14-3-1602 (c), he had to show that he wanted them for a "proper purpose." Parker claims that

---

[4] OCGA § 14-3-1602 (d).

[5] OCGA § 14-3-1604 (a), (b).

[6] OCGA § 14-3-1604 (c).

[7] See OCGA §§ 14-2-1602; 14-2-1603.

[8] OCGA § 14-2-1604.

[9] *Riser v. Genuine Parts Co.*, 150 Ga. App. 502, 505 (2) (258 SE2d 184) (1979) (construing predecessor to OCGA § 14-2-1604); see also *McLean v. Turtle Cove Property Assn.*, 222 Ga. App. 709, 711 (2) (475 SE2d 718) (1996).

[10] See *Stewart v. Bank of Lumber City*, 193 Ga. App. 188, 189 (1) (387 SE2d 366) (1989).

he wanted the documents "for the purpose of determining the performance of management and the condition of the corporation." After holding a hearing and considering "the full record and all submissions,"[11] however, the trial judge concluded that Parker "has not sufficiently demonstrated that the documents sought are being sought for a proper purpose and not as an attempt to obtain discovery for [his lawsuit against CLRA] after the expiration of the discovery period." The judge did, however, order CLRA to produce "any minutes as required by OCGA § 14-3-1602 (a) (5)."[12] Finding that CLRA refused inspection in good faith because it had a reasonable doubt that Parker was entitled to inspect the records, the judge also refused to impose costs and attorney fees. As the trial judge also presides over Parker's first lawsuit against CLRA, she is in the best position to evaluate Parker's motives for seeking the documents. After reviewing the record, including the transcript of the hearing, we cannot say that the trial judge's findings are clearly erroneous. Accordingly, we affirm.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED APRIL 21, 2000.

*Austin & Sparks, John T. Sparks,* for appellant.
*Temple, Strickland, Counts & Dinges, William A. Dinges,* for appellee.

---

[11] Parker argues that the judge should not have considered an affidavit submitted by CLRA's lawyer in opposition to his application. Among other things, the affidavit discusses Parker's first lawsuit against CLRA. According to Parker, the affidavit cannot be based on personal knowledge because the lawyer only recently began representing CLRA. Pretermitting whether the affidavit is based on personal knowledge, the pleadings in the first lawsuit are a matter of public record. Moreover, as the same judge presides over both cases, she is already familiar with the proceedings in the first case. Thus, even if the judge's failure to strike the affidavit was error, such error was harmless.

[12] OCGA § 14-3-1602 (a) (5) requires that nonprofit corporations keep "[t]he minutes of all meetings of members and records of all actions approved by the members for the past three years."