### A06A0445. WAITS v. WAITS.
(634 SE2d 799)

BERNES, Judge.

We granted appellant William D. Waits' application for discretionary appeal to review the trial court's decision granting attorney fees to appellee Vicci S. Waits. Mr. Waits contends that the trial court lacked a legal basis for its award. We disagree and affirm.

The record shows that the parties were divorced following a jury trial in the Chatham County Superior Court in 1999. The amended final judgment and decree of divorce ("the decree") entered upon the jury's verdict awarded title and possession of the marital residence to Mrs. Waits, but required Mr. Waits to make the mortgage payments, including taxes and insurance. The decree further pro-

---

vided, in relevant part, that Mr. Waits' mortgage payment obligation would terminate if Mrs. Waits sold the residence, remarried, or cohabitated with a male not related by blood or marriage in the residence.

Thereafter, Mrs. Waits filed a contempt action against Mr. Waits under the divorce action in the Chatham County Superior Court for his failure to pay property taxes for the marital residence.[1] Mr. Waits then filed the instant case in the Evans County Superior Court, seeking a declaratory judgment to determine whether Mrs. Waits had cohabitated with her fiancé, which event would have terminated his obligation to pay the mortgage and taxes for the residence under the decree. By order of the Chatham County Superior Court, the contempt action was transferred and consolidated for disposition with the declaratory judgment action in the Evans County Superior Court based on the finding that "some of the issues in . . . [the Chatham County Superior Court] case are identical to the issues in the case pending before the Evans County Superior Court."

Following a trial, an Evans County Superior Court jury determined that Mrs. Waits' actions had not constituted cohabitation with a male unrelated by blood or marriage in the residence under the provisions of the decree. Mrs. Waits requested attorney fees in both the contempt action and the declaratory judgment action. After conducting a hearing on Mrs. Waits' request, the trial court entered its judgment on the jury's decision and awarded attorney fees to Mrs. Waits in the amount of $25,271.53.

We will not disturb the trial court's decision awarding attorney fees "unless it can be clearly shown by the appellant that the trial court committed grievous error or a gross abuse of discretion." (Citation and punctuation omitted.) *Bowman v. Bowman*, 242 Ga. 259, 260 (248 SE2d 654) (1978). "As a general rule, Georgia law does not provide for the award of attorney fees even to a prevailing party unless authorized by statute or by contract. When awarded by statute, such fees may be obtained only pursuant to the statute under which the action was brought and decided." (Citations omitted.) *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

Although the trial court's order failed to cite to any specific statute authorizing the award of attorney fees, it stated that Mrs. Waits was the prevailing party in both actions, and was entitled to an award of attorney fees based upon either the contempt action or the underlying contract which gave rise to the declaratory judgment

---

[1] The pleadings from the Chatham County Superior Court contempt action have not been included in the appellate record. However, the filing of the contempt action is undisputed by the parties and the trial court referred to that proceeding in its order in the instant matter. It is also undisputed that Mr. Waits had not paid the property taxes when due.

action. Mr. Waits claims that the instant lawsuit was merely a declaratory judgment action for which attorney fees are not authorized. We agree with Mr. Waits that the trial court's award of attorney fees would not have been authorized if premised solely upon the declaratory judgment action. An award of costs in declaratory judgment actions pursuant to OCGA § 9-4-9 does not include attorney fees. See *Lawhorne v. Soltis*, 259 Ga. 502, 504 (3) (384 SE2d 662) (1989).

We also note that OCGA § 13-6-11, governing expenses of litigation in contract actions, does not authorize an award of attorney fees in this case. The parties' agreement was incorporated into the Amended Final Judgment and Decree, and therefore, the actions were required to be resolved under the amended decree and not the underlying agreement. "The rights of the parties after a divorce is granted are based not on the settlement agreement, but on the judgment itself. Thus, whatever claim [the parties] have is founded on the final decree, and not on the underlying agreement." (Citations and punctuation omitted.) *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005).

Nonetheless, the trial court's award of attorney fees was authorized pursuant to OCGA § 19-6-2 (a) (1). A judgment right for any reason will be affirmed. *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673) (1989). This provision authorizes the trial court to grant attorney fees as a part of the expenses of litigation, at any time during the pendency of the litigation, upon consideration of the financial circumstances of both parties in actions for contempt of court arising out of a divorce and alimony case, "including but not limited to contempt of court orders involving property division." Mr. Waits argues that no separate hearing on the contempt action had been conducted, and that the contempt action remained unresolved.

The record before us is incomplete and that portion of the record which we have does not support Mr. Waits' contention. The contempt action pleadings, the civil jury trial calendar notice, the notice of hearing, and the transcript from the jury trial were omitted from the appellate record. Moreover, in its order, the trial court declared Mrs. Waits to be the prevailing party in *both* actions. Mr. Waits has not appealed this ruling by the trial court and absent evidence showing to the contrary, we must presume that there was a consolidated trial encompassing both matters as stated by the trial court. "The appellant has the burden to show the alleged error by the record, and where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm." (Citation and punctuation omitted.) *Fowler v. Catoosa County*, 246 Ga. App. 740 (1) (541 SE2d 127) (2000).

Regardless, even if we were to determine that the contempt action was still pending at the time of the trial court's decision, the pending status of the contempt action did not preclude an award of attorney fees under the provision of OCGA § 19-6-2 (a) (1). This provision expressly authorizes the trial court to grant an award of attorney fees "*at any time during the pendency of the litigation*," and does not require the entry of a final judgment of contempt as a condition precedent to the award.

The issue presented in the declaratory judgment action was inextricably linked to the consolidated contempt action. Mr. Waits' petition for declaratory judgment specifically references the contempt action, and his declaratory judgment action was filed because he was at "risk" in the contempt proceedings. Mr. Waits' defense alleging cohabitation was an issue essential to both actions and was conclusively determined in the declaratory judgment action. See *Kent v. Kent*, 265 Ga. 211, 211-212 (1) (452 SE2d 764) (1995). The trial court correctly concluded that "every bit of this has got to be looked at in one bundle" and "[l]iterally this is all one matter." Accordingly, it was appropriate for the trial court to consider Mrs. Waits' expenses in defending the declaratory judgment action as "part and parcel" of the contempt action.

The trial court concluded that Mrs. Waits was the prevailing party in *both* actions in its award of attorney fees. The parties presented argument to the court regarding their financial circumstances. The trial court determined that based on the evidence adduced at the hearing, Mrs. Waits was entitled to an award of attorney fees. The trial court did not abuse its discretion in awarding attorney fees under OCGA § 19-6-2 (a) (1).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JULY 5, 2006 —
RECONSIDERATION DENIED JULY 27, 2006 — ▮

*George M. Hubbard III, Rebecca Aubin, Esther R. DeCambra,* for appellant.

*Callaway, Neville & Brinson, William J. Neville, Jr.,* for appellee.