## A07A2437. PARK RIDGE CONDOMINIUM ASSOCIATION, INC. v. CALLAIS.
### (660 SE2d 736)

RUFFIN, Judge.

After Gail Callais sued Park Ridge Condominium Association, Inc. (Park Ridge), seeking to inspect and copy records pursuant to OCGA § 14-3-1602, the trial court ordered Park Ridge to permit such inspection.[1] The issue of attorney fees was reserved. Following a second hearing, the trial court ordered Park Ridge to pay Callais's attorney fees and expenses. Park Ridge appeals, arguing that the court erred in finding that Callais had a proper purpose for inspecting the records and in finding that Park Ridge did not act in good faith.

---

[1] Callais named several other parties as defendants, all of whom were subsequently dismissed from the case.

Park Ridge also contends that the award of attorney fees and expenses was excessive and unreasonable. For reasons that follow, we reverse and remand with respect to the award of attorney fees and expenses.

The relevant facts demonstrate that Callais, a resident at Park Ridge, wrote the Board of Directors for the condominium association twice — once on September 21, 2005 and again on October 3, 2005 — requesting permission to inspect and copy certain Park Ridge records, including bank statements, insurance policies, and minutes from board meetings. According to the second letter, Callais made the request "[i]n order to have an understanding of the proposed 2006 budget when it is distributed prior to the annual meeting." Apparently, Park Ridge did not permit Callais to inspect the records, and she filed suit on November 1, 2005, seeking expedited relief in accordance with OCGA § 14-3-1604 (a) and (b). Callais also sought payment of attorney fees in accordance with OCGA § 14-3-1604 (c).

At a hearing, conducted two days later, the trial court ordered Park Ridge to permit the inspection and copying of specified records within ten business days. The trial court reserved the attorney fee issue pending a subsequent hearing. Shortly thereafter, Callais was permitted to inspect and copy the Park Ridge records.

The hearing on the attorney fee issue was conducted on May 4, 2007. At the hearing, Park Ridge presented evidence that Callais — a former board member — had requested the records as a means of harassing the association and thus Park Ridge's refusal to allow her to inspect the records was made in good faith. Park Ridge also challenged the amount of attorney fees claimed by Callais. Following the hearing, the trial court ordered Park Ridge to pay all of the attorney fees and expenses sought by Callais, totaling $26,529.52. This appeal ensued.

1. On appeal, Park Ridge argues that the trial court erred in finding that Callais had met her burden of establishing that she had a proper purpose for inspecting the records. As noted by Park Ridge, Callais bears the burden of showing that she had a proper purpose.[2] A trial court enjoys broad discretion in ascertaining whether this burden has been met.[3] And we will not gainsay a trial court's factual findings in this regard unless such findings are clearly erroneous.[4]

The hearing on this issue took place in November 2005, and the trial court found that Callais had a right to inspect and copy the records. Park Ridge claims that, during that hearing, the issue of

---

[2] See *Parker v. Clary Lake Recreation Assn.*, 243 Ga. App. 681, 683 (534 SE2d 154) (2000).

[3] See id.

[4] See id.

whether Callais had a proper purpose was not "fully addressed." However, we have no transcript from that hearing nor did the parties recreate the record.[5] Under these circumstances, we cannot simply accept Park Ridge's contention that the issue was not fully adjudicated, but must assume that the trial court's findings were supported by sufficient evidence.[6] Thus, this argument presents no basis for reversal.

2. In a related claim, Park Ridge asserts that the trial court erred in failing to find that Park Ridge's refusal to allow Callais to inspect the records was made in good faith. Pursuant to OCGA § 14-3-1604 (c), a corporation that is ordered by a court to permit inspection and copying of records is liable for attorney fees and expenses "unless the corporation proves that it refused inspection in good faith because it had a reasonable basis for doubt about the right of the member to inspect the records demanded."

Again, a ruling by the trial court that a corporation acted — or did not act — in good faith is a factual finding that will be affirmed unless clearly erroneous.[7] Here, Park Ridge presented the testimony of Wanda Galante, who managed Park Ridge, regarding her reasons for failing to permit Callais to inspect the records. After hearing this testimony, the trial court concluded that Park Ridge lacked a reasonable basis for its decision. And this ruling is not clearly erroneous.

In making its argument, Park Ridge also claims that "the trial court erred in not allowing [Park Ridge] to call [Callais] as a witness" and thus hampered its ability to prove its case. However, Park Ridge does not show that the trial court actually precluded Park Ridge from calling Callais as a witness, and our review of the transcript indicates no such ruling was made.[8] It follows that this argument lacks merit.[9]

3. In its final enumeration of error, Park Ridge contends that the trial court erred in awarding Callais over $26,000 in attorney fees and expenses pursuant to OCGA § 14-3-1604 (c). As a general rule, this Court will not overturn a trial court's decision to award attorney fees absent an abuse of discretion or grievous error.[10] However, a trial

---

[5] See OCGA § 5-6-41 (g).

[6] See *Sprewell v. Thompson & Hutson, South Carolina, LLC*, 260 Ga. App. 312, 315 (3) (581 SE2d 322) (2003).

[7] See *Parker*, supra.

[8] Counsel for Park Ridge indicated to the trial court that it might want to call Callais, but apparently decided not to when the trial court said it was inclined to rule in Callais's favor. However, the trial court never precluded Park Ridge from calling Callais as a witness.

[9] See *Dix v. State*, 246 Ga. App. 338, 340-341 (3) (540 SE2d 294) (2000).

[10] See *Waits v. Waits*, 280 Ga. App. 734, 735 (634 SE2d 799) (2006).

court's discretion is not limitless, and we agree that the trial court abused its discretion in this matter.[11]

In her brief, Callais sought attorney fees under OCGA § 14-3-1604 (c), which provides, in pertinent part, that "[i]f the court orders inspection and copying of the records demanded, it shall also order the corporation to pay the member's costs (including reasonable attorneys' fees) *incurred to obtain the order*." (Emphasis supplied.) In other words, the plaintiff's recovery is limited to those fees and expenses incurred to obtain the relief sought. It is not a blanket provision to obtain all fees, as requested by Callais. To hold otherwise would render the words "to obtain the order" meaningless.[12]

Here, Callais admittedly sought payment of all of the fees and expenses she had incurred, although it is clear that many of these fees and expenses did not stem from Park Ridge's failure to allow her to inspect the records. For example, Callais submitted attorney fees dating back to September 13, 2005 — over a week before she first wrote Park Ridge requesting permission to inspect the records. And Park Ridge cannot reasonably be charged with expenses incurred before it was aware that Callais desired to inspect its records. Callais also sought fees associated with her attorney accompanying her to a homeowner's association meeting, which took place *after* she had already inspected and copied the requested records. According to Callais's attorneys, this expense was necessary because "the litigation was still pending." Again, however, under the statute, attorney fees must relate to Callais's petition to inspect and copy Park Ridge's records. Under these circumstances, we find the trial court abused its discretion in failing to ascertain which expenses and attorney fees fell within the ambit of OCGA § 14-3-1604 (c).[13] Accordingly, we reverse and remand. On remand, the trial court is directed to award only those expenses and reasonable attorney fees which were directly incurred by Callais in obtaining the order to inspect and copy the records.[14]

*Judgment reversed and case remanded. Blackburn, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 29, 2008 —<br>RECONSIDERATION DENIED APRIL 9, 2008.

---

[11] See *Wilson v. Home Depot USA*, 288 Ga. App. 582, 585 (1) (654 SE2d 408) (2007); *Lawrence v. Direct Mtg. Lenders Corp.*, 254 Ga. App. 672, 676 (4) (563 SE2d 533) (2002).

[12] See *Walden v. Shelton*, 270 Ga. App. 239, 242 (606 SE2d 299) (2004).

[13] See *Lawrence*, supra.

[14] See id.; OCGA § 14-3-1604 (c).

*Douglas J. Davis*, for appellant.
*Lipshutz, Greenblatt & King, Randall M. Lipshutz, James V. Zito*, for appellee.